IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YOUNIS EL SAYEDRI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:16cv01412 (AJT/IDD) |
| ) | |
| LORETTA LYNCH, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Younis El Sayedri ("El Sayedri") has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] (the "Petition"). As his grounds for relief, Petitioner contends that he was improperly convicted based on evidentiary errors, he was denied effective assistance of counsel, he is actually innocent, and he has continued to be detained pending his removal to his native country of Sudan in violation of the U.S. Constitution. Because the Court has already adjudicated many of these claims in the form of Petitioner's prior motion pursuant to 28 U.S.C. § 2255 and because the remaining count is without merit, the Court dismisses the Petition.

### I. BACKGROUND

#### A. **Conviction and Collateral Review**

On May 21, 2013, El Sayedri was convicted following a jury trial of conspiracy to commit immigration document fraud in violation of 18 U.S.C. § 371, false or altered passport in violation of 18 U.S.C. § 1543, false statements in violation of 18 U.S.C. § 1001, and three counts of aggravated identity theft in violation of 19 U.S.C. § 1028A. On June 17, 2013, the Court granted Petitioner's renewed motion for a judgment of acquittal under Federal Rule of Criminal

Procedure 29 on the three counts of aggravated identity theft. The Court denied Petitioner's motion as to all of the other counts and also denied Petitioner's motion for a new trial on the count of conspiracy to commit immigration document fraud. Petitioner was then sentenced on October 1, 2013 to concurrent terms of probation, totaling three years, and was assessed a $300 special assessment. The court also imposed the special condition of "sixty (60) days of intermittent confinement to be designated by the Bureau of Prisons through the United States Probation Office." *United States v. El Sayedri*, No. 1:16-cv-0533, 2016 WL 4578145, at *2 (E.D. Va. July 6, 2016). Petitioner appealed his conviction on October 2, 2013, and on August 22, 2014, the U.S. Court of Appeals for the Fourth Circuit issued an unpublished opinion affirming this Court's judgment on Petitioner's motions for a judgment of acquittal and for a new trial and determining that there was sufficient evidence to support convictions on all of the charges that remained. *See United States v. El Sayedri*, No. 1:12-cr-00290-AJT-1, Doc. No. 310 (E.D. Va. August 22, 2014).

In May 2016, El Sayedri filed two motions to vacate his sentence under 28 U.S.C. § 2255 ("Section 2255"), which were nearly identical; both contended that he was convicted based on unlawfully obtained evidence and argued that prosecutors failed to disclose inculpatory evidence during the trial, that he received ineffective assistance of counsel, and that he was never made aware of the immigration consequences of his conviction. *El Sayedri*, 2016 WL 4578145, at *3-4. This Court denied El Sayedri's Section 2255 motion on July 6, 2016 on several independent bases: (1) it was untimely; (2) it was meritless and "the claims raised therein consist[ed] of unsupported conclusory allegations that are contradicted by the record," *id.* at *3; and (3) Petitioner did not make a "substantial showing of the denial of a constitutional right," *id.* The Court also declined to issue a certificate of appealability. El Sayedri then appealed this Court's

denial of his Section 2255 motion, and in an unpublished per curiam opinion entered October 18, 2016, the Fourth Circuit held that El Sayedri had "not made the requisite showing" that he was denied a constitutional right and, therefore, also declined to issue a certificate of appealability. *United States v. El Sayedri*, No. 16-7055, 2016 WL 6081373, at *1 (4th Cir. Oct. 18, 2016).

### B. Removal Proceedings

Petitioner is a native and citizen of Sudan who was admitted to the United States on November 20, 2000 on a B-1 via. In 2001, El Sayedri was granted asylum, and on February 21, 2007, he adjusted his status and became a lawful permanent resident. After El Sayedri was convicted by this Court of the criminal violations referred to above, the Department of Homeland Security served El Sayedri with a notice to appear, which charged him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of acts involving moral turpitude and also under 8 U.S.C. § 1182(a)(6)(C)(i) as an alien who, by fraud or willfully representing a material fact, seeks to procure a visa, other documentation, or admission into the United States or other immigration benefit. On or about March 31, 2015, El Sayedri was taken into the custody of Immigrations and Customs Enforcement ("ICE"), where he has remained to this day.

The immigration judge ("IJ") then sustained the charges of inadmissibility, and throughout 2015 and 2016, El Sayedri sought a variety of forms of relief from removal including cancellation of removal, waivers under 8 U.S.C. §§ 1182(h) and 1182(i), asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture. On June 8, 2016, the IJ denied all requests for discretionary relief and ordered El Sayedri removed to Sudan. On November 10, 2016, the Board of Immigration Appeals ("BIA") affirmed the IJ's denial of discretionary relief and dismissed his appeal. Under

8 U.S.C. § 1231(a)(1), El Sayedri's order of removal became administratively final on the date of the BIA's decision.

Although Petitioner has still not been removed to Sudan, a deportation officer has represented to the Court that the officer completed and submitted an application for a Sudanese travel document for El Sayedri to the Sudanese embassy in Washington, D.C. on December 10, 2016 and that once the travel document is issued, ICE will arrange for El Sayedri's removal to Sudan. Respondents' Response to Petition for Writ of Habeas Corpus [Doc. No. 16] at 9.

## II. ANALYSIS

In his Petition, El Sayedri claims that he was improperly convicted based on evidentiary errors, he was denied effective assistance of counsel, he is actually innocent, and he has continued to be detained for immigration reasons without removal in violation of the U.S. Constitution. For the reasons set forth below, each of these claims fails.

### A. Claimed Deficiencies in Petitioner's Criminal Conviction

Petitioner claims that there were deficiencies in his criminal proceedings that led to his conviction including, *inter alia*, ineffective assistance of counsel, evidentiary issues, erroneous jury instructions, and actual innocence. The issue now before this Court is to what extent 28 U.S.C. § 2241 ("Section 2241") is the proper vehicle to bring these claims regarding the validity of Petitioner's criminal conviction, particularly where the Court has already previously adjudicated a 28 U.S.C. § 2255 petition. A defendant convicted in federal court is generally "required to bring collateral attacks challenging the validity of their judgment and sentence by filling a motion to vacate sentence pursuant to . . . § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). The validity of

a conviction or sentence is therefore appropriately brought under Section 2255; whereas a challenge to the execution of the sentence is appropriately brought under Section 2241.

The Court has reviewed El Sayedri's claims as well as the extensive prior history of this case and concludes that all of the claims El Sayedri brings in this Petition related to the validity of his criminal conviction have already been adjudicated three separate times: (1) on his direct appeal to the Fourth Circuit of his convictions, (2) on his Section 2255 motion before this Court, and (3) on his direct appeal to the Fourth Circuit of this Court's denial of his Section 2255 motion.[1] In the direct appeal, the Fourth Circuit found that all the charges were supported by sufficient evidence and affirmed the convictions and sentences. *United States v. El Sayedri*, No. 1:12-cr-00290-AJT-1, Doc. No. 310 (E.D. Va. August 22, 2014). In his Section 2255 motion before this Court, this Court determined that "even were the Court to allow this petition to proceed outside the statute of limitations, the claims raised therein consist of unsupported conclusory allegations that are contradicted by the record." *El Sayedri*, 2016 WL 4578145, at *4. And in his appeal of this Court's denial of El Sayedri's Section 2255 denial, the Fourth Circuit declined to issue a certificate of appealability, finding that El Sayedri had failed to make the requisite showing. *United States v. El Sayedri*, No. 1:12-cr-00290-AJT-1, Doc. No. 323 (E.D. Va. August 22, 2014). This Court specifically considered and rejected El Sayedri's actual innocence claim. *See El Sayedri*, 2016 WL 4578145, at *3 (holding that Petitioner failed to assert any new evidence of innocence and that his actual innocence claim was procedurally barred from collateral review in any event because he failed to raise it in his direct appeal). The Court now concludes that a Section 2241 is not the vehicle for Petitioner to bring the claims that he has already raised appropriately through a Section 2255 motion and that, even if it were the

---

[1] Even if the Court were to construe this Petition liberally as a Section 2255 motion in light of Petitioner's pro se status, it would still deny it. A petitioner may only bring a successive Section 2255 motion under very limited circumstances, and the Court finds that none of them are met here.

5

vehicle, the Court rejects all those arguments on the merits for the same reasons it has previously expressed. *See id.*

B. **Claimed Unconstitutional Detention Without Bond Hearing**

Ordinarily, when an alien has been ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a) ("Section 1231(a)"). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2). "If the alien does not leave or is not removed within the [90 day] removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." *Id.* § 1231(a)(3). Given the Fifth Amendment right to due process of law,[2] Petitioner argues that the time of detention prescribed by Section 1231(a) is limited to a reasonable duration. Respondents argue that the removal period has not yet reached the six month mark and so it is therefore, presumptively constitutional and that, in any event, Petitioner's removal is "imminent."

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), a case on which Petitioner largely relies, the Supreme Court held that Section 1231(a), the post-removal statute, "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Zadvydas*, 533 U.S. at 682. The Court expanded on its holding, reasoning that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. . . . A statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 689-90. "[F]or the sake of uniform administration in the federal courts," the Court determined that after six months, "once the alien provides good reason to believe that there is no significant

---

[2] "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

6

likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Ultimately, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In order to determine whether removal is reasonably foreseeable, courts should "measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink." *Id.* at 701.

In this case, it is undisputed that Petitioner has been detained for fewer than six months. This period is therefore presumptively reasonable, and the Court finds that there is no information before it that would allow Petitioner to overcome this presumption and that his period of detention is in fact reasonable given the process that ICE has had to go through to secure Sudanese travel documents for Petitioner.

The Court has also considered whether El Sayedri has demonstrated that his removal is not "reasonably foreseeable." It appears to the Court that there is no reason to believe Petitioner will not soon be removed from the United States. The Court is not aware of any additional pending motions seeking any further relief from removal either before the IJ or the BIA, and the only steps that remain are for ICE to secure El Sayedri's Sudanese travel documents and remove him to Sudan.[3] In that regard, ICE has represented to the Court that it applied for those travel documents on December 10, 2016, and that once they are obtained, arrangements will be made for Petitioner's prompt removal. While ICE does not appear to have yet obtained those travel documents, this Court has also previously held that removal was "reasonably foreseeable" even

---

[3] Petitioner also claims that the immigration court lost various documents that Petitioner had submitted, resulting in the IJ making an uninformed decision on the merits of his case. *See* Petition ¶ 35. This Court is without jurisdiction to consider those claims, which Petitioner would have needed to bring in the form of his direct appeal to the BIA.

7

when travel documents had not yet been obtained. *See Ali v. Barlow*, 446 F. Supp. 2d 604, 611 (E.D. Va. 2006) (Ellis, J.) (removal was reasonably foreseeable where ICE was "requesting diplomatic assistance from the U.S. Department of State to secure petitioner's removal to a third country"). Therefore, Petitioner has not demonstrated that his removal is not "reasonably foreseeable" under *Zadvydas*, and his continued detention without a bond hearing therefore remains reasonable at this time.[4]

## III. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that Petitioner's Petition [Doc. No. 1] be, and the same hereby is, DENIED.

The Clerk is directed to forward a copy of this Order to all counsel of record and to enter judgement in favor of Respondents under Federal Rule of Civil Procedure 58.

**This is a Final Order for purposes of appeal.** To appeal, Petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order Petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 1, 2017

---

[4] The Court notes that, as the length of Petitioner's detention continues to grow or if other circumstances change, he may have cause to file a new habeas corpus petition at a later point in time arguing that his removal is not reasonably foreseeable and that his detention without a bond hearing is, therefore, unreasonable.

8